Singh v. Barr

BIA
McCarthy, IJ
A206 895 563

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty.

PRESENT:
       PETER W. HALL,
       SUSAN L. CARNEY,
       JOSEPH F. BIANCO,
         *Circuit Judges.*

_____

GURPREET SINGH, AKA GOPI THAP,
       *Petitioner,*

       v.                  18-2219
                              NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:      Deepti Vithal, Richmond Hill, NY.

FOR RESPONDENT:      Joseph H. Hunt, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Stephen Finn, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpreet Singh, a native and citizen of India, seeks review of a July 10, 2018 decision of the BIA affirming an October 24, 2017 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurpreet Singh,* No. A 206 895 563 (B.I.A. July 10, 2018), *aff'g* No. A 206 895 563 (Immig. Ct. N.Y. City Oct. 24, 2107). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

Credibility[1]

The agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," the plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ found that Singh testified credibly, except as to his allegation that he was attacked by members of the religious group Dera Sacha Sauda ("DSS") because of his Sikh religion in September 2014. Substantial evidence supported the partial adverse credibility determination because Singh's testimony was internally inconsistent as to whether he was unconscious or half-conscious following the beating, and his written statement did not mention that he was rendered unconscious or half-conscious when describing his injuries. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180–81 (2d Cir. 2004) (holding that "materially different accounts" of past persecution "may render the

[1] Contrary to the BIA's conclusion, Singh challenged the IJ's partial adverse credibility determination before the BIA. *See* Certified Administrative Record at 10, 17 (Brief to BIA).

alien's testimony incredible").

Past Persecution

The agency did not err in determining that the remaining credible claims did not establish harm rising to the level of persecution. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). A valid claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be more severe than "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and brackets omitted). The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Id.* We review *de novo* whether the harm rises to the level of persecution. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 281–82 (2d Cir. 2006).

The agency credited Singh's allegations that DSS followers threatened him on two occasions and that a group of older classmates beat and taunted him in July 2013. Singh did not present evidence regarding the extent of his injuries

4

following the July 2013 beating. Taken together, these events do not rise to the level of persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (holding beating and subsequent detention did not constitute persecution where beating occurred prior to detention and applicant "suffered only minor bruising . . . , which required no formal medical attention and had no lasting physical effect").

Future Persecution

Absent past persecution, an applicant may prevail on an asylum claim by demonstrating that he subjectively fears future persecution and that his fear is objectively reasonable. *Ramsameachire*, 357 F.3d at 178. An applicant may make this showing by establishing either a "reasonable possibility he . . . would be singled out individually for persecution," or a "pattern or practice" of persecution of "persons similarly situated" to him. 8 C.F.R. § 1208.13(b)(2)(iii); *see also Y.C.*, 741 F.3d at 332; *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining pattern or practice of persecution as "systemic or pervasive" persecution of a group). A fear is objectively reasonable "even if there is only a slight, though discernible, chance

of persecution." *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir. 2000) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987)). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Singh did not meet his burden to establish a reasonable possibility that he would be singled out for persecution. He asserted that he would be persecuted because he was an active member of the Sikh community and a preacher.[2] The agency did not err in concluding that Singh failed to present reasonably available corroboration of these claims. "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Contrary to Singh's argument on

---

[2] Singh argues here that he never claimed a prominent role or a role as a preacher. This argument is contrary to Singh's testimony. *See, e.g.*, Certified Administrative Record at 143 ("I was very active preaching my Sikh religion."), 144 ("I will be very apparent in front row, and I will preach for Sikh religion . . . . I would approach people, go home and tell people that accept Sikh religion, follow Sikh religion."), 146 ("Q: Why the DSS people were just picking at you? A: Because I was very active preaching of my religion.").

appeal, the agency did not err in concluding that such evidence was reasonably available: Singh conceded that he could have provided evidence of his past activities preaching at Sikh events and of his continued religious practice. Nor did the agency err in requiring corroborating evidence without first providing Singh additional time to present it. *See Wei Sun v. Sessions*, 883 F.3d 23, 29 (2d Cir. 2018) (deferring to the BIA's determination that IJ is not required "to identify the specific evidence necessary to meet the applicant's burden of proof and to provide an automatic continuance for the applicant to obtain that evidence prior to rendering a decision on the application"). Further, the agency did not err in affording diminished weight to the affidavits in the record because none of them corroborated Singh's testimony about his religious activities, they were "very similar," and some of the authors were interested parties unavailable for cross-examination. *See Y.C.*, 741 F.3d at 332, 334 (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness);

7

*Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("our case law on intra-proceeding similarities has firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned'").  Absent evidence corroborating his testimony regarding his role in the Sikh community, Singh did not meet his burden to show that he had a well-founded fear of persecution on that basis.  *See Jian Xing Huang*, 421 F.3d at 129.

Singh also failed to establish a pattern or practice of persecution of Sikhs in India.  The agency took administrative notice of State Department reports for 2016 and 2017, which document some violence against Sikhs, but do not discuss any abuse of Sikhs by DSS members.  *See, e.g.*, India 2016 Int'l Religious Freedom Rep. at 8, available at https://www.state.gov/wp-content/uploads/2019/01/India-3.pdf.[3]  The news articles in the record show tensions between Sikhs and the DSS, as well as some police violence against Sikhs engaged in anti-DSS protests.  It also shows that the head of the DSS was convicted on rape charges and sentenced

---

[3] Singh does not challenge the documents of which the agency took administrative notice.

to 20 years' incarceration in 2017.  This evidence fails to establish that the DSS engages in "systemic and pervasive" persecution of Sikhs sufficient to demonstrate a pattern or practice of persecution in India.  *See* 8 C.F.R. § 1208.13(b)(2)(iii); *In re A-M-*, 23 I. & N. Dec. at 741.  In addition, contrary to Singh's argument, the agency did not err in considering that his sisters have not suffered significant harm in India, where they remain, in finding that he did not have a well-founded fear of future persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding fear of future persecution diminished where applicant's mother and daughters continued to live unharmed in applicant's native country).

In sum, Singh did not meet his burden for asylum because he did not present credible evidence of past harm rising to the level of persecution, he did not adequately corroborate his claim that he would be singled out for future persecution based on his active role in the Sikh community, and he did not establish a pattern or practice of persecution of Sikhs in India.  *See* 8 U.S.C. § 1158(b)(1)(B); 8 C.F.R. § 1208.13(b)(1), (2).  Because Singh failed to meet his burden for asylum, he "necessarily" failed to meet the higher

9

standards for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```